## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------x
CENTRIFUGAL FORCE, INC.,              )
                                      )
                       Plaintiff,     )        1:08-cv-05463-CM
                                      )        ECF CASE
           v.                         )
                                      )
SOFTNET COMMUNICATION, INC.,          )
ISM SOFTWARE, MICHAEL MARDKHA         )
individually, BENY SOFER, INC.,       )
and BENY SOFER individually,          )
                                      )
                       Defendants.    )
------------------------------------------------------x
```

## DEFENDANTS SOFTNET COMMUNICATION, INC., ISM SOFTWARE AND MICHAEL MARDKHA'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants SoftNet Communication, Inc. ("SoftNet"), ISM Software ("ISM") and Michael Mardkha, individually ("Mardkha"), collectively the "SoftNet Defendants", by their undersigned attorneys hereby answer the Complaint of Plaintiff Centrifugal Force, Inc. doing business as Wise Choice Software ("Plaintiff"), as follows:

### <u>NATURE OF THE ACTION</u>

1.    The SoftNet Defendants admit that this action purports to seek relief under 17 U.S.C. § 101, et seq; 17 U.S.C. § 1201; 17 U.S.C. § 1202; 15 U.S.C. § 1117 and § 1125(a) and the common law of the State of New York, but deny any wrongdoing and further deny that Plaintiff is entitled to any relief.  The SoftNet Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

1

## JURISDICTION AND VENUE

2.      The SoftNet Defendants admit that the Complaint purports to establish

jurisdiction under 17 U.S.C. § 101, et seq. and 15 U.S.C. § 1125(a), but deny any wrongdoing

and further deny that Plaintiff is entitled to any relief.  The SoftNet Defendants deny the

remaining allegations contained in paragraph 2 of the Complaint.

3.      The SoftNet Defendants admit that the Complaint purports to establish

jurisdiction under 28 U.S.C. § 1331, § 1338 and § 1367, but deny any wrongdoing and further

deny that Plaintiff is entitled to any relief.  The SoftNet Defendants deny the remaining

allegations contained in paragraph 3 of the Complaint.

4.      The SoftNet Defendants admit that the Complaint purports to establish personal

jurisdiction and venue under 28 U.S.C. § 1391(b), but deny any wrongdoing and further deny

that Plaintiff is entitled to any relief.  The SoftNet Defendants deny the remaining allegations

contained in paragraph 4 of the Complaint.

## THE PARTIES

5.      The SoftNet Defendants are without knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint and,

therefore, deny the same.

6.      The SoftNet Defendants are without knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint and,

therefore, deny the same.

7.      The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint and, therefore, deny the same.

8.      The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and, therefore, deny the same.

9.      The SoftNet Defendants admit the allegations contained in paragraph 9 of the Complaint.

10.     The SoftNet Defendants admit the allegations contained in paragraph 10 of the Complaint.

11.     The SoftNet Defendants deny the allegations contained in paragraph 11 of the Complaint.

12.     The SoftNet Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.     The SoftNet Defendants admit that Industry Specific Management Software, LLC ("ISM") shares offices with SoftNet and Mardkha, but otherwise deny the remaining allegations contained in paragraph 13 of the Complaint.

14.     The SoftNet Defendants deny the allegations contained in paragraph 14 of the Complaint.

3

15.     The SoftNet Defendants admit that ISM is owned by Mardkha, but otherwise deny the remaining allegations contained in paragraph 15 of the Complaint.

16.     The SoftNet Defendants admit that ISM is owned by Mardkha, that Mardkha is the chief executive officer of ISM, and that ISM is located at the same address and office as SoftNet, which is also the residence of Mardkha.  The Sofnet Defendants otherwise deny the remaining allegations contained in paragraph 16 of the Complaint.

17.     The SoftNet Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.     The SoftNet Defendants admit the allegations contained in paragraph 18 of the Complaint.

19.     The SoftNet Defendants admit that ISM is in the process of developing software programs called Jagsys, but otherwise deny the remaining allegations contained in paragraph 19 of the Complaint.

20.     The SoftNet Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     The SoftNet Defendants admit the allegations contained in paragraph 21 of the Complaint.

22.     The SoftNet Defendants admit that Mardkha is the chief executive officer and sole shareholder of SoftNet, but otherwise deny the remaining allegations contained in paragraph 22 of the Complaint.

3092843.1  6003267-000

23.     The SoftNet Defendants admit that ISM is owned by Mardkha and that Mardkha directs and is responsible for the actions and activities of ISM, but otherwise deny the remaining allegations contained in paragraph 23 of the Complaint.

24.     The SoftNet Defendants admit the allegations contained in paragraph 24 of the Complaint.

25.     The SoftNet Defendants admit the allegations contained in paragraph 25 of the Complaint.

26.     The SoftNet Defendants admit that Mardkha has known Derek Glickstein ("Glickstein") since as early as 1987 and that Centrifugal Force, Inc. doing business as Wise Choice Software ("CFI") has referred customers to SoftNet for computer hardware and networking related services, and that SoftNet has referred customers to CFI since about 1994, but deny there have been any recent referrals by CFI.  The SoftNet Defendants otherwise deny the allegations contained in paragraph 26 of the Complaint.

27.     The SoftNet Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.     The SoftNet Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     The SoftNet Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     The SoftNet Defendants admit that Beny Sofer, Inc. ("BSI") is a diamond and jewelry dealer with offices at 587 Fifth Avenue, 9th Floor, New York, New York.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 30 of the Complaint and, therefore, deny the same.

31.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint and, therefore, deny the same.

32.     The SoftNet Defendants admit that defendant "BSI" was a customer of Plaintiff and used Plaintiff's software products.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 32 of the Complaint and, therefore, deny the same.

## BACKGROUND FACTS

33.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint and, therefore, deny the same.

34.     The SoftNet Defendants admit that Plaintiff markets and sells a software program under the name Wise Choice.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 34 of the Complaint and, therefore, deny the same.

3092843.1  6003267-000

35.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint and, therefore, deny the same.

36.     The SoftNet Defendants admit that Exhibit A purports to be a copy of Certificate of Registration No. TX5-152-204.   The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 36 of the Complaint and, therefore, deny the same.

37.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint and, therefore, deny the same.

38.     The SoftNet Defendants admit that Plaintiff markets and sells a software program under the name RIGHTCLICK®.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint and, therefore, deny the same.

39.     The SoftNet Defendants admit that Exhibit B purports to be a copy of Certificate of Registration No. TX5-152-246.   The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 39 of the Complaint and, therefore, deny the same.

40.     The SoftNet Defendants admit that Exhibit C purports to be a copy of Certificate of Registration No. TX5-246-539.  The SoftNet Defendants are without knowledge or

3092843.1  6003267-000

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 40 of the Complaint and, therefore, deny the same.

41.    The SoftNet Defendants admit that CFI sells its RIGHTCLICK® program in two versions – "Atlas" and "Velocity."  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 41 of the Complaint and, therefore, deny the same.

42.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 and, therefore, deny the same.

43.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint and, therefore, deny the same.

44.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint and, therefore, deny the same.

45.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint and, therefore, deny the same.

46.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 and, therefore, deny the same.

47.    The SoftNet Defendants admit that Mardkha suggested to Plaintiff that it should develop a software program for the rug and carpet business, that Plaintiff did develop such a program, that Mardkha sold one copy of the program and the program was dropped because it was not positively received by the market and the one customer found Plaintiff difficult to deal with.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about the design of the WISE CHOICE SOFTWARE and RIGHTCLICK® programs and, therefore, deny the same.  The SoftNet Defendants otherwise deny the allegations contained in paragraph 47 of the Complaint

48.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth and falsity of the allegations contained in paragraph 48 of the Complaint and, therefore, deny the same.

49.    The SoftNet Defendants admit that Exhibit E purports to contain copies of U.S. Trademark Registration Nos. 2255337, 3365025 and 2416212.  The SoftNet Defendants deny that the RIGHTCLICK® trademark was registered "as a result of the recognition afforded by the relevant consuming public and its inherent distinctiveness."  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 49 of the Complaint and, therefore, deny the same.

50.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint and, therefore, deny the same.

3092843.1  6003267-000

51.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint and, therefore, deny the same.

52.     The SoftNet Defendants admit that Exhibit F purports to be the "standard printed license agreement" for RIGHTCLICK$^®$.  The document at Exhibit F speaks for itself.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 52 and, therefore, deny the same.

53.     The SoftNet Defendants admit that Exhibit G purports to be text copies of the 2002 and 2006 versions of the standard click license agreement for RIGHTCLICK$^®$.  The document at Exhibit G speaks for itself.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 53 and, therefore, deny the same.

54.     The SoftNet Defendants admit that Mardkha knows Glickstein but are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 54 and, therefore, deny the same.

55.     The SoftNet Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     The SoftNet Defendants admit to familiarity and knowledge of the Wise Choice software program because SoftNet and/or Mardkha were often asked to solve the computer problems of Plaintiff's customers which were directly related to the failure of Wise Choice to

3092843.1  6003267-000

perform as advertised by Plaintiff or to the failure of Plaintiff to provide timely service to those customers.  The SoftNet Defendants deny the remaining allegations of contained in paragraph 56 of the Complaint, and specifically deny that any of the SoftNet Defendants ever became resellers of the Wise Choice software program.

57.     The SoftNet Defendants admit the allegations contained in paragraph 57 of the Complaint, and particularly admit that the SoftNet Defendants sold Plaintiff computer hardware and parts to Plaintiff at cost, as a personal service and without profit to the SoftNet Defendants.

58.     The SoftNet Defendants admit that they received some referrals from Plaintiff for computer hardware acquisitions and computer networking and computer information technology services without being asked to pay a referral fee or any other fee for the referrals by CFI.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 58 of the Complaint and, therefore, deny the same.

59.     The SoftNet Defendants admit that they became familiar with the computer and multiple software program needs of the jewelry industry as a result of SoftNet's provision of services to the jewelry industry generally.  The SoftNet Defendants deny the remaining allegations contained in paragraph 59 of the Complaint.

60.     The SoftNet Defendants admit that they became familiar with the use and operation of the RIGHTCLICK® software program because they were often asked by Plaintiff to solve the computer problems of Plaintiff's customers, which were directly related to the failure of RIGHTCLICK® to perform as advertised by Plaintiff, and to perform routine program operations on site because Plaintiff was often unwilling or unable to do the same in a timely

11

manner. The SoftNet Defendants deny the remaining allegations contained in paragraph 60 of the Complaint.

61.    The SoftNet Defendants admit that SoftNet and/or Mardkha had been provided with a demo version of the RIGHTCLICK® software that Plaintiff often freely distributed at trade shows and freely sent to any interested party. The SoftNet Defendants further admit that Exhibit H purports to be copies of portions of emails between Mardkha and Glickstein, but deny the remaining allegations contained in paragraph 61 of the Complaint, and particularly deny that they have ever been resellers of the Plaintiff's software.

62.    The SoftNet Defendants admit to access to information on the RIGHTCLICK® demo disc and familiarity with the RIGHTCLICK® program, but deny the remaining allegations of paragraph 62 of the Complaint.

63.    Paragraph 63 contains no factual allegations and, therefore, no substantive response is required. To the extent that a substantive response is required, the SoftNet Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    The SoftNet Defendants admit that they were developing a business management software program for jewelry and gem businesses that might directly compete with CFI's RIGHTCLICK® program and that they informed Joseph Weinreich ("Weinreich") of Diamond Direct, Inc. ("Diamond Direct") a jewelry wholesale company of this activity. The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 64 of the Complaint and, therefore, deny the same.

12

65.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 and therefore deny the same.

66.     The SoftNet Defendants admit that in response to queries from Diamond Direct, Mardkha together with an individual named Ravi Krishnan ("Krishnan") met with Weinreich and others at Diamond Direct to tell them that ISM was developing new software for the jewelry business.  The SoftNet Defendants further admit that at the time Diamond Direct was a CFI customer and RIGHTCLICK® user.  The SoftNet Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 66 of the Complaint and, therefore, deny the same.

67.     The SoftNet Defendants admit that Krishnan was present at this meeting to assist Mardkha in explaining the proposed capabilities of the software program being developed by SoftNet, which was based on SQL technology, and to discuss the multiple failures of Plaintiff's RIGHTCLICK® program.  The SoftNet Defendants deny the remaining allegations of paragraph 67 of the Complaint, and specifically deny that any program was available for sale, that Ravi Krishnan was Mardkha's business partner and that SoftNet and/or Mardkha were still receiving referrals from Plaintiff.

68.     SoftNet Defendants admit the allegations contained in paragraph 68 of the Complaint.

69.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint and, therefore, deny the same.

13

70.     The SoftNet Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.     The SoftNet Defendants admit that Diamond Direct personnel were told that SoftNet was developing a software program, but otherwise deny the allegations contained in paragraph 71 of the Complaint.

72.     The SoftNet Defendants admit discussing the RIGHTCLICK® program and the proposed new program with personnel from Diamond Direct, but otherwise deny the allegations contained in paragraph 72 of the Complaint.

73.     The SoftNet Defendants admit that Krishnan may have represented that he had worked with Derek Glickstein while employed at Weindling International.  The SoftNet Defendants otherwise deny the allegations contained in paragraph 73 of the Complaint.

74.     The SoftNet Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     The SoftNet Defendants admit that Mardkha met with Weindling International. The SoftNet Defendants deny the remaining allegations contained in paragraph 75 of the Complaint, and specifically deny that Krishnan was present or than any operational program was presented, or that any concern was expressed by principals at Weindling about a "look-alike" program or infringement..

76.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint and, therefore, deny the same.

14

77.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity if the allegations contained in paragraph 77 of the Complaint and, therefore, deny the same.

78.     The SoftNet Defendants admit that Exhibit I purports to be a letter sent by SoftNet to Diamond Direct, but is without knowledge or information sufficient to form a belief as to the authenticity of the letter as it is unsigned.  The SoftNet Defendants admit the remaining allegations contained in paragraph 78 of the Complaint.

79.     The SoftNet Defendants admit that the website at www.ismsoftware.com has limited functionality.  The SoftNet Defendants deny that there was a link to defendant Beny Sofer Inc.'s website at www.benysofter.com.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations concerning Plaintiff's discovery of the website at www.ismsoftware.com and, therefore, deny the same.

80.     The SoftNet Defendants admit the allegations contained in paragraph 80 of the Complaint.

81.     The SoftNet Defendants admit Exhibit J purports to be a copy of an email from Mardkha to Diamond Direct.  The SoftNet Defendants further admit that the Jagsys software program was developed independently, that there are no copyright issues and that any similarities between Jagsys and RIGHTCLICK® are due to the fact that both programs are inventory management systems for the jewelry industry.  The SoftNet Defendants deny the allegation that they defamed and impugned Plaintiff and its RIGHTCLICK® program as Mardkha was repeating to "Sam" comments he made to Mardkha about RIGHTCLICK® corrupting his database with

3092843.1  6003267-000

errant transactions that required a manual adjustment to inventory balances to compensate for these errors. The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations pertaining to the manner in which Plaintiff obtained a copy of an email between Mardkha and Diamond Direct and, therefore, deny the same. The SoftNet Defendants deny the remaining allegations contained in paragraph 81 of the Complaint.

82.     The SoftNet Defendants are without knowledge and information sufficient to form a belief as to the truth or falsity of the allegations pertaining to calls allegedly received by Plaintiff and, therefore, deny the same. The SoftNet Defendants deny the remaining allegations contained in paragraph 82 of the Complaint and specifically deny that any statements made by Mardkha were false.

83.     The SoftNet Defendants admit that Jagsys will correct the RIGHTCLICK® malfunctions and further admit stating the benefits of Jagsys over RIGHTCLICK® to potential customers. The SoftNet Defendants deny the allegations that the RIGHTCLICK® malfunctions are the result of "ordinary maintenance computer issues" and further deny that they made any misrepresentations about Jagsys' compatibility with RIGHTCLICK® or the failure of RIGHTCLICK® to perform as promised. The SoftNet Defendants deny the remaining allegations contained in paragraph 83 of the Complaint.

84.     The SoftNet Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.     The SoftNet Defendants admit that an early development version of Jagsys was provided to Joe Menzie ("Menzie") at Menzie's request, and installed the program on a laptop in

16

the possession of Menzie ("Menzie Laptop")  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 85 and, therefore, deny the same.

86.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 and, therefore, deny the same.

87.    The SoftNet Defendants admit that Exhibit K purports to be a report prepared by Dr. Alok Choudhary, which speaks for itself.  The SoftNet Defendants deny the remaining allegations contained in paragraph 87 of the Complaint.

88.    The SoftNet Defendants admit that there were certain similarities between the demonstration database used with the early development version of the Jagsys 2.0 application program and the RIGHTCLICK® database, but otherwise deny the remaining allegations contained in paragraph 88 of the Complaint.

89.    The SoftNet Defendants admit that fictitious data from a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, was used in conjunction with an early development version of the Jagsys 2.0 application program to test its ability to operate on and provide one-way importability with data used in RIGHTCLICK®  The SoftNet Defendants deny the remaining allegations contained in paragraph 89 of the Complaint.

90.    The SoftNet Defendants admit Exhibit L purports to be a copy of a File Comparison report of photo images in Jagsys compiled by Global Digital Forensics.  The SoftNet Defendants further admit that data embodying photos of jewelry design samples from a

17

sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, was used in conjunction with an early development version of the Jagsys 2.0 application program to test its ability to operate on and provide one-way importability with data used in RIGHTCLICK®.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 90, and therefore deny the same.

91.    The SoftNet Defendants admit Exhibit M purports to be a copy of a search report performed on Jagsys for query terms compiled by Global Digital Forensics.  The SoftNet Defendants further admit that an early development version of the Jagsys 2.0 application program was tested on a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data, and as a result there could be line references that occur in RIGHTCLICK®.  The SoftNet Defendants deny the allegation that any portion of the RIGHTCLICK® code was copied, and are without knowledge or information sufficient to form a belief as t the truth or falsity of the remaining allegations of paragraph 91 of the Complaint and therefore deny same.

92.    The SoftNet Defendants admit that Exhibit N purports to be a copy of the copyright notice in the Jagsys program.  The SoftNet Defendants further admit that an early development version of the Jagsys 2.0 application program was tested on a sample database and report files from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data, and as a result the Usage Agreement and copyright notice could be the same.  However, the SoftNet Defendants deny the remaining allegations contained in paragraph 92 of the Complaint.

18

93.     The SoftNet Defendants admit that Exhibit O is a screenshot of the user login records table showing "DGLICKSTEIN" login records from an early development version of the Jagsys 2.0 application program as it was tested on a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data.  As a result the login records could indicate Glickstein.  The SoftNet Defendants deny the remaining allegations contained in paragraph 93 of the Complaint.

94.     The SoftNet Defendants admit that Exhibit P shows screenshots of the job bag reports generated by Plaintiff's RIGHTCLICK® and an early development version of the Jagsys 2.0 application program as it was tested on a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data.  The SoftNet Defendants admit that there were some similarities between reports due to the functionality of the program and industry needs.  The SoftNet Defendants deny the remaining allegations contained in paragraph 94 of the Complaint.

95.     The SoftNet Defendants admit that Exhibit Q shows screenshots of the jewelry pricing chart generated by Plaintiff's RIGHTCLICK® and an early development version of the Jagsys 2.0 application program as it was tested on a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data.  The SoftNet Defendants admit that there were certain similarities in the screenshots shown in Exhibit Q due to the functionality of the program and industry needs.  The SoftNet Defendants deny all remaining allegations contained in paragraph 95 of the Complaint.

3092843.1  6003267-000

96.     The SoftNet Defendants admit that Exhibit R shows screenshots of the Catalog Maker and chart output generated by Plaintiff's RIGHTCLICK® and an early development version of the Jagsys 2.0 application program as it was tested on a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data.  The SoftNet Defendants admit that there were certain similarities in the screenshots shown in Exhibit R due to the functionality of the program and industry needs.  The SoftNet Defendants deny all remaining allegations contained in paragraph 96 of the Complaint.

97.     The SoftNet Defendants admit that Exhibit S shows screenshots of the Catalog Maker and chart output for the fictitious company "Joe's Jewelry, Inc." generated by Plaintiff's RIGHTCLICK® and an early development version of the Jagsys 2.0 application program as it was tested on a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data.  The SoftNet Defendants admit that there were certain similarities in the screenshots shown in Exhibit S due to the functionality of the program and industry needs.  The SoftNet Defendants deny all remaining allegations contained in paragraph 97 of the Complaint.

98.     The SoftNet Defendants deny the allegations contained in paragraph 98 of the Complaint.

99.     The SoftNet Defendants deny the allegations contained in paragraph 99 of the Complaint.

100.     The SoftNet Defendants deny the allegations contained in paragraph 100 of the Complaint.

20

101.    The SoftNet Defendants deny the allegations contained in paragraph 101 of the Complaint.

102.    The SoftNet Defendants deny the allegations contained in paragraph 102 of the Complaint.

103.    The SoftNet Defendants deny the allegations contained in paragraph 103 of the Complaint.

104.    The SoftNet Defendants deny the allegations contained in paragraph 104 of the Complaint.

105.    The SoftNet Defendants deny the allegations contained in paragraph 105 of the Complaint.

106.    The SoftNet Defendants admit that SoftNet and Mardkha provided services to a number of Plaintiff's customers but deny that they were resellers of RIGHTCLICK®.  The click license speaks for itself.  The SoftNet Defendants deny the remaining allegations contained in paragraph 106 of the Complaint.

107.    The SoftNet Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    The SoftNet Defendants admit that they had knowledge of and access to the RIGHTCLICK® software program but otherwise deny the remaining allegations contained in paragraph 108 of the Complaint.

109.    The SoftNet Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    The SoftNet Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    The SoftNet Defendants admit they had knowledge of Plaintiff's rights but otherwise deny the remaining allegations contained in paragraph 111 of the Complaint.

112.    The SoftNet Defendants admit they intend to supplant Plaintiff's RIGHTCLICK® program in the market with their Jagsys program, but otherwise deny the allegations contained in paragraph 112 of the Complaint.

113.    The SoftNet Defendants deny the allegations contained in paragraph 113 of the Complaint.

114.    The SoftNet Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Complaint and, therefore, deny the same.

116.    The SoftNet Defendants deny the allegations contained in paragraph 116 of the Complaint.

3092843.1  6003267-000

117.    The SoftNet Defendants admit that Jagsys provides one way importability with RIGHTCLICK® but otherwise deny the remaining allegations contained in paragraph 117 of the Complaint.

118.    The SoftNet Defendants admit the allegations contained in paragraph 118 of the Complaint.

119.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 of the Complaint and, therefore, deny the same.

120.    The SoftNet Defendants admit that Exhibit T purports to be a copy of a Wise Choice Work Order signed by Sofer and dated January 3, 2003.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 120 of the Complaint and, therefore, deny the same.

121.    The SoftNet Defendants admit that Exhibit U purports to be a copy order form and license agreement signed by Sofer dated January 22, 2004.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 121 of the Complaint and, therefore, deny the same.

122.    The SoftNet Defendants admit that Exhibit V  purports to be a copy of a CFI license agreement signed by defendants BSI and Sofer dated October 20, 2005.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or

23

falsity of the remaining allegations contained in paragraph 122 of the Complaint and, therefore, deny the same.

123.    The license agreement of Exhibit V speaks for itself.  To the extent that a further response is required, the SoftNet Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    The SoftNet Defendants admit that Exhibit W in part shows a screen shot of the former "Products" tab on the ISM Software website.  The SoftNet Defendants further admit that an early development version of the Jagsys 2.0 application program was tested on a sample database from RIGHTCLICK$^{®}$ demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data.  Thus the image of the jeweled ring could have been from that database. However, the SoftNet Defendants deny the remaining allegations of paragraph 124 of the Complaint and specifically deny that the website ever had a link to the BIS website.

125.    The SoftNet Defendants admit the allegations contained in paragraph 125 of the Complaint.

126.    The SoftNet Defendants admit that Exhibit Y contains a printout of a report for Beny Sofer Inc. from Plaintiff's RIGHTCLICK$^{®}$ program and a report from an early development version of the Jagsys 2.0 application program as it was tested on a sample database from RIGHTCLICK$^{®}$ demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data.  The SoftNet Defendants admit that there were some similarities between reports due to the functionality of

24

the program and industry needs.  The SoftNet Defendants deny the remaining allegations contained in paragraph 126 of the Complaint.

127.    The SoftNet Defendants deny the allegations contained in paragraph 127 of the Complaint.

128.    The SoftNet Defendants deny the allegations contained in paragraph 127 of the Complaint.

## COUNT I

### COPYRIGHT INFRINGEMENT AND/OR CONTRIBUTORY INFRINGEMENT OF DEFENDANTS SOFTNET, ISM AND MARDKHA IN VIOLATION OF 17 U.S.C. §§ 106 AND 501 AS TO THE INFRINGING JAGSYS PROGRAM

129.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 128 of the Complaint as if fully set forth herein.

130.    Paragraph 130 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, the SoftNet Defendants deny the allegations contained in paragraph 130 of the Complaint.

131.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 131 of the Complaint and, therefore, deny the same.

132.    The SoftNet Defendants deny the allegations contained in paragraph 132 of the Complaint.

3092843.1  6003267-000

133.    The SoftNet Defendants admit the allegations contained in paragraph 133 except that they deny that they sold RIGHTCLICK® or WISE CHOICE®.

134.    The SoftNet Defendants admit that they had access to RIGHTCLICK® but otherwise deny the remaining allegations contained in paragraph 134 of the Complaint.

135.    The SoftNet Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.    The SoftNet Defendants admit knowledge of Plaintiff's copyrights in the RIGHTCLICK®, program but otherwise deny the remaining allegations contained in paragraph 136 of the Complaint.

137.    The SoftNet Defendants admit that Mardkha is the chief executive officer and sole shareholder of SoftNet, but otherwise deny the remaining allegations contained in paragraph 137 of the Complaint.

138.    The SoftNet Defendants admit that Mardkha is the owner and sole proprietor of ISM, but otherwise deny the remaining allegations contained in paragraph 138 of the Complaint.

139.    The SoftNet Defendants admit that Mardkha is the chief executive officer and sole shareholder of ISM, but otherwise deny the remaining allegations contained in paragraph 137 of the Complaint.

140.    The SoftNet Defendants deny the allegations contained in paragraph 140 of the Complaint.

3092843.1  6003267-000

141.     The SoftNet Defendants deny the allegations contained in paragraph 141 of the Complaint.

142.     The SoftNet Defendants deny the allegations contained in paragraph 142 of the Complaint.

143.     The SoftNet Defendants deny the allegations contained in paragraph 143 of the Complaint.

## COUNT II

### COPYRIGHT INFRINGEMENT OF DEFENDANTS SOFTNET, ISM AND MARDKHA IN VIOLATION OF 17 U.S.C. § 106(2) AS TO THE INFRINGING DERIVATIVE FABSYS SOFTWARE PROGRAM

144.     The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 143 of the Complaint as if fully set forth herein.

145.     Paragraph 145 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, the SoftNet Defendants deny the allegations contained in paragraph 145 of the Complaint.

146.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146 of the Complaint and, therefore, deny the same.

147.     The SoftNet Defendants admit direct access to and knowledge of RIGHTCLICK® and WISE CHOICE, and that they installed those programs for and on the computer systems of Plaintiff CFI's customers.  The SoftNet Defendants deny the remaining allegations of paragraph 162 of the Complaint, and specifically deny selling either program.

3092843.1  6003267-000

148.    The SoftNet Defendants admit access to RIGHTCLICK® and WISE CHOICE. The SoftNet Defendants deny the remaining allegations contained in paragraph 148 of the Complaint.

149.    The SoftNet Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    The SoftNet Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.    The SoftNet Defendants admit knowledge of Plaintiff's copyrights in the RIGHTCLICK® programs, but otherwise deny the allegations contained in paragraph 151 of the Complaint.

152.    The SoftNet Defendants admit that Mardkha is the chief executive officer and sole shareholder of SoftNet, but otherwise deny the remaining allegations contained in paragraph 152 of the Complaint.

153.    The SoftNet Defendants admit that Mardkha is the owner and sole proprietor of ISM, but otherwise deny the remaining allegations contained in paragraph 153 of the Complaint.

154.    The SoftNet Defendants admit that Mardkha is the chief executive officer and sole shareholder of ISM, but otherwise deny the remaining allegations contained in paragraph 154 of the Complaint.

155.    The SoftNet Defendants deny the allegations contained in paragraph 155 of the Complaint.

3092843.1  6003267-000

156.    The SoftNet Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.    The SoftNet Defendants deny the allegations contained in paragraph 157 of the Complaint.

158.    The SoftNet Defendants deny the allegations contained in paragraph 158 of the Complaint.

**COUNT III**

**COPYRIGHT INFRINGEMENT OF DEFENDANTS SOFTNET, ISM AND MARDKHA IN VIOLATION OF 17 U.S.C. § 106(2) AS TO THE INFRINGING DERIVATIVE RACSYS SOFTWARE PROGRAM**

159.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 158 of the Complaint as if fully set forth herein.

160.    Paragraph 160 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is required, the SoftNet Defendants deny the allegations contained in paragraph 160 of the Complaint.

161.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 161 of the Complaint and, therefore, deny the same.

162.    The SoftNet Defendants admit direct access to and knowledge of RIGHTCLICK® and WISE CHOICE, and that they installed those programs for and on the computer systems of Plaintiff CFI's customers.  The SoftNet Defendants deny the remaining allegations of paragraph 162 of the Complaint, and specifically deny selling either program.

29

163.    The SoftNet Defendants admit that they had access to RIGHTCLICK® and WISE CHOICE but otherwise deny the remaining allegations contained in paragraph 163 of the Complaint.

164.    The SoftNet Defendants deny the allegations contained in paragraph 164 of the Complaint.

165.    The SoftNet Defendants deny the allegations contained in paragraph 165 of the Complaint.

166.    The SoftNet Defendants admit knowledge of Plaintiff's copyrights in the RIGHTCLICK® programs, but otherwise deny the allegations contained in paragraph 166 of the Complaint..

167.    The SoftNet Defendants admit that Mardkha is the chief executive officer and sole shareholder of SoftNet, but otherwise deny the remaining allegations contained in paragraph 167 of the Complaint.

168.    The SoftNet Defendants admit that Mardkha is the owner and sole proprietor of ISM, but otherwise deny the remaining allegations contained in paragraph 168 of the Complaint.

169.    The SoftNet Defendants admit that Mardkha is the chief executive officer and sole shareholder of ISM, but otherwise deny the remaining allegations contained in paragraph 169 of the Complaint.

170.    The SoftNet Defendants deny the allegations contained in paragraph 170 of the Complaint.

30

171.    The SoftNet Defendants deny the allegations contained in paragraph 171 of the Complaint.

## COUNT IV

## COPYRIGHT INFRINGEMENT AND/OR CONTRIBUTORY INFRINGEMENT OF DEFENDANTS BENY SOFER INC. AND BENY SOFER IN VIOLATION OF 17 U.S.C. §§ 106(2) AND 501 AS TO THE INFRINGING JAGSYS PROGRAM

172.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 171 of the Complaint as if fully set forth herein.

173.    Paragraph 173 of the Complaint is a legal conclusion to which no response is required.  To the extent that a response is required, the SoftNet Defendants deny the allegations contained in paragraph 173 of the Complaint.

174.    The SoftNet Defendants deny the allegations contained in paragraph 174 of the Complaint.

175.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Complaint and, therefore, deny the same.

176.    The SoftNet Defendants admit that they had access to the RIGHTCLICK® program stored on BSI's computer systems, but deny the remaining allegations contained in paragraph 176 of the Complaint.

177.    The SoftNet Defendants deny the allegations contained in paragraph 177 of the Complaint.

31

178.     The SoftNet Defendants deny the allegations contained in paragraph 178 of the complaint.

179.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth and falsity of the allegations contained in paragraphs 179 of the Complaint and, therefore, deny the same.

180.     The SoftNet Defendants deny the allegations contained in paragraph 180 of the Complaint.

181.     The SoftNet Defendants deny the allegations contained in paragraph 181 of the Complaint.

182.     The SoftNet Defendants deny the allegations contained in paragraph 182 of the Complaint.

183.     The SoftNet Defendants deny the allegations contained in paragraph 183 of the Complaint.

**COUNT V**

**FALSE COPYRIGHT MANAGEMENT INFORMATION AS TO DEFENDANTS SOFTNET, ISM AND MARDKHA IN VIOLATION OF 17 U.S.C. § 1202**

184.     The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 183 of the Complaint as if fully set forth herein.

185.     The SoftNet Defendants admit that an early development version of the Jagsys 2.0 application program as it was tested on a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and

32

provide one-way importability with that data. The database could have included Plaintiff's copyright notice with its registered trademark. The SoftNet Defendants deny the remaining allegations contained in paragraph 185 of the Complaint.

186.    The SoftNet Defendants deny the allegations contained in paragraph 186 of the Complaint.

187.    The SoftNet Defendants deny the allegations contained in paragraph 187 of the Complaint.

188.    The SoftNet Defendants deny the allegations contained in paragraph 188 of the Complaint.

189.    The SoftNet Defendants deny the allegations contained in paragraph 189 of the Complaint.

## COUNT VI

### CIRCUMVENTION OF COPYRIGHT PROTECTION SYSTEMS AS TO DEFENDANTS SOFTNET, ISM AND MARDKHA IN VIOLATION OF 17 U.S.C. § 1201

190.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 189 of the Complaint as if fully set forth herein.

191.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 191 of the Complaint and, therefore, deny the same.

192.    The SoftNet Defendants deny the allegations contained in paragraph 192 of the Complaint.

3092843.1 6003267-000

193.    The SoftNet Defendants deny the allegations contained in paragraph 193 of the Complaint.

194.    The SoftNet Defendants deny the allegations contained in paragraph 194 of the Complaint.

195.    The SoftNet Defendants deny the allegations contained in paragraph 195 of the Complaint.

196.    The SoftNet Defendants deny the allegations contained in paragraph 196 of the Complaint.

197.    The SoftNet Defendants deny the allegations contained in paragraph 197 of the Complaint.

**COUNT VII**

**TRADEMARK INFRINGEMENT AS TO DEFENDANTS SOFTNET, ISM AND MARDKHA IN VIOLATION OF 15 U.S.C. § 1117**

198.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 197 of the Complaint as if fully set forth herein.

199.    The SoftNet Defendants admit to promoting the Jagsys software program to the relevant consuming public including some of CFI's customers, but otherwise deny the remaining allegations contained in paragraph 199 of the Complaint.

200.    The SoftNet Defendants deny the allegations contained in paragraph 200 of the Complaint.

34

201.     The SoftNet Defendants deny the allegations contained in paragraph 201 of the Complaint.

202.     The SoftNet Defendants deny the allegations contained in paragraph 202 of the Complaint.

203.     The SoftNet Defendants deny the allegations contained in paragraph 203 of the Complaint.

## COUNT VIII

### FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a) AS TO DEFENDANTS SOFTNET, ISM AND MARDKHA

204.     The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 203 of the Complaint as if fully set forth herein.

205.     The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 205 of the Complaint and, therefore, deny the same.

206.     The SoftNet Defendants deny the allegations contained in paragraph 206 of the Complaint.

207.     The SoftNet Defendants deny the allegations contained in paragraph 207 of the Complaint.

208.     The SoftNet Defendants deny the allegations contained in paragraph 208 of the Complaint.

3092843.1  6003267-000

209.    The SoftNet Defendants deny the allegations contained in paragraph 209 of the Complaint.

210.    The SoftNet Defendants deny the allegations contained in paragraph 210 of the Complaint.

211.    The SoftNet Defendants deny the allegations contained in paragraph 211 of the Complaint.

212.    The SoftNet Defendants deny the allegations contained in paragraph 212 of the Complaint.

## COUNT IX

## COMMON LAW UNFAIR COMPETITION AND UNJUST ENRICHMENT AT COMMON LAW AS TO ALL DEFENDANTS

213.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 212 of the Complaint as if fully set forth herein.

214.    The SoftNet Defendants deny the allegations contained in paragraph 214 of the Complaint.

215.    The SoftNet Defendants deny the allegations contained in paragraph 215 of the Complaint.

216.    The SoftNet Defendants deny the allegations contained in paragraph 216 of the Complaint.

217.    The SoftNet Defendants admit that they have represented to potential customers that when their program is complete it will be compatible with data from the RIGHTCLICK®

36

program and that there will be one-way importability of that customer's data into the program. The SoftNet Defendants deny the remaining allegations contained in paragraph 217 of the Complaint.

218.    The SoftNet Defendants admit the allegations contained in paragraph 218 of the Complaint.

219.    The SoftNet Defendants deny the allegations contained in paragraph 219 of the Complaint.

220.    The SoftNet Defendants deny the allegations contained in paragraph 220 of the Complaint.

221.    The SoftNet Defendants deny the allegations contained in paragraph 221 of the Complaint.

222.    The SoftNet Defendants deny the allegations contained in paragraph 222 of the Complaint.

**COUNT X**

**BREACH OF CONTRACT AS TO ALL DEFENDANTS**

223.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 222 of the Complaint as if fully set forth herein.

224.    The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 224 of the Complaint and, therefore, deny the same.

37

225.    The SoftNet Defendants admit the allegations contained in paragraph 225 of the Complaint.

226.    The SoftNet Defendants admit that by installing, accessing and using the RIGHTCLICK® program, any user consents to the click license agreement.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 225 of the Complaint and, therefore, deny the same.

227.    The SoftNet Defendants deny the allegations contained in paragraph 227 of the Complaint.

## COUNT XI

## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AS TO DEFENDANTS SOFTNET, ISM AND MARDKHA

228.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 227 of the Complaint as if fully set forth herein.

229.    The SoftNet Defendants admit that they have knowingly and intentionally promoted to potential customers that when their program is complete it will be compatible with data from the RIGHTCLICK® program, that there will be one-way importability of that customer's data into the program and that the program will not have problems associated with the RIGHTCLICK® program.  The SoftNet Defendants deny the remaining allegations contained in paragraph 229 of the Complaint, and specifically deny that have sold the Jagsys program and that when completed their program will be an infringement, knock off or replica of the RIGHTCLICK® program.

38

230.    The SoftNet Defendants deny the allegations contained in paragraph 230 of the Complaint.

231.    The SoftNet Defendants admit that they knew some customers were users of the RIGHTCLICK® program and subscribers of CFI's maintenance services.  The SoftNet Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 231 of the Complaint and, therefore, deny the same.

232.    The SoftNet Defendants deny the allegations contained in paragraph 232 of the Complaint.

233.    The SoftNet Defendants deny the allegations contained in paragraph 233 of the Complaint.

234.    The SoftNet Defendants deny the allegations contained in paragraph 234 of the Complaint.

235.    The SoftNet Defendants deny the allegations contained in paragraph 235 of the Complaint.

236.    The SoftNet Defendants deny the allegations contained in paragraph 236 of the Complaint.

## COUNT XII

## DECEPTIVE TRADE PRACTICES

237.    The SoftNet Defendants repeat and reallege their answers to paragraphs 1 through 236 as if fully set forth herein.

238.    The SoftNet Defendants admit that paragraph 238 of the Complaint purports to make a claim under the laws of the State of New York and establish jurisdiction under 28 U.S.C. § 1338(b) and supplemental jurisdiction, but otherwise deny the remaining allegations contained in paragraph 238 of the Complaint.

239.    The SoftNet Defendants deny the allegations contained in paragraph 239 of the Complaint.

240.    The SoftNet Defendants deny the allegations contained in paragraph 240 of the Complaint.

241.    The SoftNet Defendants deny the allegations contained in paragraph 241 of the Complaint.

242.    The SoftNet Defendants admit that they promoted to potential customers that when their program was complete it would be it will be compatible with data from the RIGHTCLICK® program and that there will be one-way importability of that customer's data into the program to induce them to switch from the RIGHTCLICK® program to the SoftNet Defendants' program.  The SoftNet Defendants deny the remaining allegations contained in paragraph 242 of the Complaint.

243.    The SoftNet Defendants deny the allegations contained in paragraph 243 of the Complaint.

244.    The SoftNet Defendants deny the allegations contained in paragraph 244 of the Complaint.

3092843.1  6003267-000

245.    The SoftNet Defendants deny the allegations contained in paragraph 245 of the Complaint.

246.    The SoftNet Defendants deny the allegations contained in paragraph 246 of the Complaint.

## THE SOFTNET DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

247.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

248.    Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

249.    Plaintiff's claims are barred by the equitable doctrine of delay, laches and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

250.    The Copyright Registrations attached to the Complaint at Exhibits A, B and C are invalid and unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

251.    The Jagsys program is written in a different programming language than RIGHTCLICK® and, therefore, the source code of RIGHTCLICK® could not have been copied.

## SIXTH AFFIRMATIVE DEFENSE

252.    The early development version of the Jagsys 2.0 application program as it was tested on a sample database from RIGHTCLICK® demonstration disks given out by Plaintiff without limitation, in order to test its ability to operate on and provide one-way importability with that data, and which is referred to in the Complaint and which is the subject of the report contained in Exhibit K, has never been sold to any third party.

## SEVENTH AFFIRMATIVE DEFENSE

253.    Any use made of the RIGHTCLICK® or WISE CHOICE programs, were a fair use.

## EIGHTH AFFIRMATIVE DEFENSE

254.    Any similarities between Jagsys and RIGHTCLICK® or WISE CHOICE are due to the fact that all of the programs are jewelry inventory software and thus are dictated by industry conventions and the limited number of options available.

## NINTH AFFIRMATIVE DEFENSE

255.    Any similarities between Jagsys and RIGHTCLICK® or WISE CHOICE, are of non-protectible expression.


Respectfully submitted,

DARBY & DARBY, P.C.


Date:  August 25, 2008                    By:    s:/ Amy J. Benjamin_____
          New York, NY                              Melvin C. Garner (MCG-6951)
                                                    Amy J. Benjamin (AB-6886)
                                                    7 World Trade Center
                                                    250 Greenwich Street
                                                    New York, NY  10007-0042
                                                    Tel.:  (212) 527-7700
                                                    Fax:   (212) 527-7701
                                                    Email:  mgarner@darbylaw.com
                                                    Email:  abenjamin@darbylaw.com

                                                    *Attorneys for Defendants*
                                                    *SoftNet Communication, Inc., ISM Software, and*
                                                    *Michael Mardkha*

43

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 25, 2008, I electronically filed **DEFENDANTS SOFTNET**

**COMMUNICATION, INC., ISM SOFTWARE AND MICHAEL MARDKHA'S ANSWER**

**AND AFFIRMATIVE DEFENSES TO THE COMPLAINT** using the CM/ECF system,

which sent notification of such filing to the following:


**Steven Mancinelli**
Codispoti & Mancinelli, LLP
111 John Street, Suite 800
New York, NY 10038
212-962-6525
Fax: 212-962-6791
Email:  smancinelli.codmanllp@earthlink.net
*Attorneys for Plaintiff*

**Eric Weinstein**
**David J. Galalis**
Feldman Weinstein & Smith, LLP
420 Lexington Avenue, Ste. 2620
New York, NY 10170
212-869-7000
Fax:  212-997-4242
Email:  eweinstein@feldmanweinstein.com
Email:  dgalalis@feldmanweinstein.com
*Attorneys for Defendants*
*Beny Sofer, Inc. and Beny Sofer, individually*


*Attorneys for Defendants*
*SoftNet Communication, Inc., ISM Software, and*
*Michael Mardkha*


<u>s:/ Annette P. McGuire</u>

44