UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTRIFUGAL FORCE, INC. doing business as WISE CHOICE SOFTWARE, | Case No.: 08 cv 5463 (CM) (GWG) |
| Plaintiff, | |
| – against – | |
| SOFTNET COMMUNICATION, INC.; ISM SOFTWARE; MICHAEL MARDKHA individually; BENY SOFER, INC.; and BENY SOFER individually, | |
| Defendants. | |

# Memorandum of Law in Support of Beny Sofer and Beny Sofer, Inc.'s Motion to Dismiss the Complaint

FELDMAN WEINSTEIN & SMITH LLP
Eric Weinstein (EW 5423)
David J. Galalis (DG 1654)
420 Lexington Avenue, Ste. 2620
New York, NY 10170
(212) 869-7000

**Table of Contents**

**Preliminary Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Standard on this Motion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Argument** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  PLAINTIFF DOES NOT STATE A CLAIM FOR UNFAIR COMPETITION . . . . . . . . . . . . . . . . . . 2

   A.  The Copyright Act of 1976 has preempted unfair competition . . . . . . . . . . . 2

   B.  Sofer has not engaged in unfair competition by way of false
       designation of origin or trademark infringement . . . . . . . . . . . . . . . . . . . . . . 2

II. PLAINTIFF DOES NOT STATE A CLAIM FOR UNJUST ENRICHMENT . . . . . . . . . . . . . . . . . . 4

III. THE CONTRACT AT ISSUE IS VAGUE AND AMBIGUOUS . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IV. NO CLAIM IS STATED FOR DECEPTIVE TRADE PRACTICES UNDER
    N.Y. GEN. BUS. LAW § 349 BECAUSE NO CONSUMER INJURY IS ALLEGED . . . . . . . . . . 6

V.  PROVIDING MERE "ACCESS" TO COPYRIGHTED WORK IS INSUFFICIENT
    TO HOLD SOFER LIABLE AS A CONTRIBUTORY INFRINGER . . . . . . . . . . . . . . . . . . . . . . . 7

**Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**Table of Cases**

*Cruz v. NYNEX Info. Res.*, 263 A.D.2d 285, 289, 703 N.Y.S.2d 103, 106 (1st Dep't 2000) . . . . . 6

*Editorial Photocolor Archives, Inc. v. Granger Collection*, 61 N.Y.2d 517, 522,
463 N.E.2d 365, 367, 474 N.Y.S.2d 964, 966 (N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Genesco Entertainment, Div. of Lymutt Industries, Inc. v. Koch*,
593 F. Supp. 743, 751–752 (S.D.N.Y. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*McCarthy v. Am. Int'l Group*, 283 F.3d 121, 124 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Meropi Markogianis v. Burger King Corporation*,
1997 U.S. Dist. LEXIS 4452 at *17 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–931,
125 S. Ct. 2764, 2776 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*National Group for Communications and Computers Ltd. v. Lucent Technologies, Inc.*,
420 F. Supp. 2d 253, 264 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Sheth v. New York Life Ins. Co.*, 273 A.D.2d 72, 73, 709 N.Y.S.2d 74, 75 (1st Dep't 2000) . . . . 6

*The National Basketball Association v. Motorola, Inc.*,
105 F.3d 841, 845, 848–853 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Thomas Publishing Company LLC v. Technology Evaluation Centers, Inc.*,
2007 U.S. Dist. LEXIS 55086 at *10-13 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

*Tiffany Inc. v. eBay, Inc*., 2008 U.S. Dist. LEXIS 53359 at *105–121 (S.D.N.Y. 2008) . . . . . . . .3

*W.W.W. Pharmaceutical Co. v. Gillette Co.*, 984 F.2d 567, 576 (2d Cir. 1993) . . . . . . . . . . . . . . 2

*Yurman Studio, Inc. v. Castaneda*, 2008 U.S. Dist. LEXIS 63158
at *24–25 (S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Beny Sofer, and Beny Sofer, Inc. (collectively "Sofer") by their attorneys, respectfully submit this memorandum of law in support of their motion to dismiss the Complaint according to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## Preliminary Statement

Beny Sofer is a man caught in the middle of a software copyright dispute. Yet, neither he nor the company bearing his name develop or sell software. Rather, Beny Sofer sells diamonds. Beny Sofer would like to continue selling diamonds, without being stuck between two sophisticated software engineers arguing about their computer programs.

The indiscriminate "lumping in" of Sofer into causes of action where he doesn't belong is manifest in the legal insufficiency of the claims alleged against him.

## Standard on this Motion

"When deciding a Rule 12(b)(6) motion to dismiss, a court must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the non-movant's favor." *National Group for Communications and Computers Ltd. v. Lucent Technologies, Inc.*, 420 F. Supp. 2d 253, 264 (S.D.N.Y. 2006) (citing *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999)).

## Argument

Out of 128 paragraphs of factual allegations, only 11 concern Sofer's alleged wrongful conduct (paras. 118–128). Those 11 paragraphs fail to make out any causes of action.

I.     **PLAINTIFF DOES NOT STATE A CLAIM FOR UNFAIR COMPETITION**

Plaintiff states a vague and amorphous claim for unfair competition. No matter which way this claim is viewed, it is legally insufficient.

### A.     The Copyright Act of 1976 has preempted unfair competition

To the extent that plaintiff alleges unfair competition by misappropriation or reverse passing-off of the RIGHTCLICK® computer program, it is well-settled that such a claim has been preempted by the Copyright Act of 1976. 17 U.S.C. § 301, *See also The National Basketball Association v. Motorola, Inc.*, 105 F.3d 841, 845, 848–853 (2d Cir. 1997) (explaining the well settled rule of law that, except for so-called "hot-news" claims, common-law unfair competition has been pre-empted by the Copyright Act of 1976); *Thomas Publishing Company LLC v. Technology Evaluation Centers, Inc.*, 2007 U.S. Dist. LEXIS 55086 at *10–13 (S.D.N.Y. 2007); *Editorial Photocolor Archives, Inc. v. Granger Collection*, 61 N.Y.2d 517, 522, 463 N.E.2d 365, 367, 474 N.Y.S.2d 964, 966 (N.Y. 1984).

### B.     Sofer has not engaged in unfair competition by way of false designation of origin or trademark infringement

If what CFI means to allege instead is common-law unfair competition arising from misappropriation or misuse of CFI's trademarks, then the elements to be alleged mirror those necessary to allege a Lanham Act claim of false designation of origin or trademark infringement: "the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods [or actual confusion and deception]." *Yurman Studio, Inc. v. Castaneda*, 2008 U.S. Dist. LEXIS 63158 at *24–25 (S.D.N.Y. 2008); *accord W.W.W. Pharmaceutical Co. v. Gillette Co.*, 984 F.2d 567, 576 (2d Cir. 1993).

As a preliminary matter, the factual allegations as to trademark infringement/false designation of origin relate entirely to co-defendants Mardkha, Softnet, and ISM. Complaint paras. 92, 113, 114. All that Sofer is alleged to have done is to have allowed Mardkha, Softnet, and ISM to copy Sofer's licensed copy of RIGHTCLICK®. Complaint paras. 126 & 128. Sofer is not alleged to have "use[d] in commerce" any of the plaintiff's trademarks, and therefore, falls outside the plain language of the Lanham Act and cannot be held to be directly liable under the Act, or the common-law equivalent of unfair competition, for false designation of origin or trademark infringement. 15 U.S.C. §§ 1114 & 1125. Nor can Sofer be considered a "contributory trademark infringer", because he is not alleged to be a manufacturer or distributor of a product, service, or venue used by Mardkha, Softnet, or ISM to infringe plaintiff's trademark or falsely designate the origin of Jagsys. *Tiffany Inc. v. eBay, Inc*., 2008 U.S. Dist. LEXIS 53359 at *105–121 (S.D.N.Y. 2008).

Furthermore, plaintiff has not sufficiently alleged either actual or likely confusion as to the origin of the Jagsys program. On one hand, the point is made in the complaint that the WISE CHOICE SOFTWARE® trademark appears in the Jagsys copyright notice (which is something that a customer would not see until *after* they purchased the Jagsys program). On the other hand, however, the only potential users of the Jagsys program mentioned at all in the complaint are current CFI customers who were all savvy enough to recognize that the Jagsys program being pitched was an alternative to the RIGHTCLICK® program not in any way endorsed by or connected to CFI. Complaint paras. 73 ("Weinreich sarcastically commented that Krishnan must be a good friend of [CFI's founder Derek Glickstein] indeed if he was going to copy Glickstein's software"); 75 ("the principals at Weindling perceived Jagsys to be a look-alike of Plaintiff's RIGHTCLICK® program and were concerned that if they purchased Jagsys that Weindling

3

International might be infringing Plaintiff's RIGHTCLICK® program."); and 81 ("'Sam' expressed concerns to Mardkha about similarities between Jagsys and RIGHTCLICK® . . . ."). Plaintiff also goes out of its way to allege that the primary defendants Mardkha, Softnet, and ISM have outright disparaged CFI and the RIGHTCLICK® program. Complaint paras. 81 ("Mardkha also defamed and impugned Plaintiff and its RIGHTCLICK® product, asserting that RIGHTCLICK® might corrupt Diamond Direct's data and might put Diamond Direct's business in jeopardy."); and 82 ("For the last two years Mardkha has engaged in a repeated pattern of impugning and defaming Plaintiff and Plaintiff's RIGHTCLICK® product . . . Mardkha was maligning Plaintiff and Plaintiff's product to set the stage for Mardkha to later capture Plaintiff's own customers . . . .").

Quite the contrary from creating consumer confusion, it is clear from the allegations that the primary defendants were doing everything possible to distinguish Jagsys from RIGHTCLICK®. And regardless, the allegations concerning Sofer's own relationship to Mardkha, Softnet, and ISM do not place him within the strict confines of either direct or contributory Lanham Act liability. The common-law claim for unfair competition, mimicking a Lanham Act claim for false designation of origin and trademark infringement, must fail.

II.   **PLAINTIFF DOES NOT STATE A CLAIM FOR UNJUST ENRICHMENT**

Any claim that Sofer was unjustly enriched by infringing plaintiff's copyright is also preempted by the Copyright Act of 1976. 17 U.S.C. § 301; *Meropi Markogianis v. Burger King Corporation*, 1997 U.S. Dist. LEXIS 4452 at *17 (S.D.N.Y. 1997). Moreover, even if the claim for unjust enrichment were not preempted, nowhere does the plaintiff allege *how* Sofer was unjustly enriched by allegedly allowing Mardkha, Softnet, and ISM to copy the RIGHTCLICK® program.

4

**III.    THE CONTRACT AT ISSUE IS VAGUE AND AMBIGUOUS**

The contract allegedly breached by Sofer is found at paragraph 123 of the complaint. The section allegedly breached is section (a) which reads: "Licensee may not: (a) reverse engineer, de-compile, or disassemble the software or allow others to do so . . . ." In paragraphs 126 and 128, plaintiff alleges that Sofer "allow[ed]" Mardkha, Softnet, and ISM to copy the RIGHTCLICK® program that was licensed to Sofer.

The contractual term "allow", in the context of the vague allegations of the complaint, is rendered unenforceably vague and ambiguous. "Allowing" Mardkha, Softnet, and ISM to copy the RIGHTCLICK® program could mean many things. It could mean that Sofer instructed Mardkha to make an infringing copy of the program. Or, more innocently, it could mean that Sofer allowed Mardkha access to his computers for purposes of IT support, and that Mardkha was thereby able to gain access to the program. Indeed, here, it was the plaintiff itself that referred Mardkha—an expert in the use and installation of the RIGHTCLICK® program—to Sofer to provide computer hardware and network services. Complaint para. 119.

Because the contractual term "allow", in the context of the vague allegations of the complaint, is subject to various interpretations, it must be construed against the drafter of the complaint. *McCarthy v. Am. Int'l Group*, 283 F.3d 121, 124 (2d Cir. 2002). Sofer can therefore not be held liable under the license agreement for "allowing" Mardkha to copy the program, which is all that appears to be alleged in the complaint.

5

### IV. NO CLAIM IS STATED FOR DECEPTIVE TRADE PRACTICES UNDER N.Y. GEN. BUS. LAW § 349 BECAUSE NO CONSUMER INJURY IS ALLEGED

N.Y. Gen. Bus. Law § 349 states that "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." The conduct complained of, however, must be "consumer oriented"—in other words, directed toward "an individual or natural person who purchases goods, services or property primarily for personal, family or household purposes." *Cruz v. NYNEX Info. Res.*, 263 A.D.2d 285, 289, 703 N.Y.S.2d 103, 106 (1st Dep't 2000) (quotation omitted). Or, if the conduct is primarily directed by one commercial entity at another, the conduct must at the very least have a "broader impact on the consumer at large." *Sheth v. New York Life Ins. Co.*, 273 A.D.2d 72, 73, 709 N.Y.S.2d 74, 75 (1st Dep't 2000).

The conduct complained of here is not directed at a "consumer" as defined by New York courts, but rather, is conduct directed by one sophisticated computer software company at another. This business-to-business conduct does not have any broad impact on any consumer population. Indeed by plaintiff's own admission, "plaintiff CFI creates, develops, markets and sells original software for *commercial* use rather than for general consumers." Complaint para. 7. By extension then, the allegedly infringing Jagsys program—alleged to be virtually identical to CFI's RIGHTCLICK® program—could only possibly deceive the narrow commercial population of gemstone and jewelry dealers, and not the general consumers that N.Y. Gen. Bus. Law § 349 was designed to protect. *See Genesco Entertainment, Div. of Lymutt Industries, Inc. v. Koch*, 593 F. Supp. 743, 751–752 (S.D.N.Y. 1984) ("The typical violation contemplated by the statute involves an individual consumer who falls victim to misrepresentations made by a seller of consumer goods . . . .").

V. **PROVIDING MERE "ACCESS" TO COPYRIGHTED WORK IS INSUFFICIENT TO HOLD SOFER LIABLE AS A CONTRIBUTORY INFRINGER**

The complaint does not allege that Sofer was directly involved in copying the RIGHTCLICK® computer program—but only that he gave Mardkha, Softnet, and ISM "access" to the program and "allowed" them to copy it. Complaint paras. 126, 128, 176, and 177. This is not enough to state a claim for contributory infringement. If it were, every commercial software user would be potentially liable for copyright infringement by mere virtue of the fact that they give their employees and outside IT support staff "access" to the programs necessarily used by their businesses. Something more is therefore required to state a claim for contributory infringement—namely, "[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930–931, 125 S. Ct. 2764, 2776 (2005) (citations omitted). The vagaries of the complaint fall far short of this clear standard.

**Conclusion**

Beny Sofer and his company do not belong in this lawsuit, which is essentially an argument between two software engineers with a long-term relationship surrounding a single, specialized computer program. For all the reasons above, Beny Sofer and Beny Sofer, Inc. respectfully ask that this court dismiss the claims against them.

Dated: New York, New York
      August 26, 2008                           **FELDMAN WEINSTEIN & SMITH LLP**

                                                   By:   s/David J. Galalis
                                                             Eric Weinstein (EW 5423)
                                                             David J. Galalis (DG 1654)
                                                             420 Lexington Avenue, Ste. 2620
                                                             New York, NY 10170
                                                             (212) 869-7000